AYRES, Judge.
In this action plaintiff was granted a divorce from her husband and awarded custody of their two teen-age daughters for whose support the defendant was condemned to pay the sum of $200.00 per month. However, her demands for alimony for herself were rejected and she appealed. The appeal therefore presents only a question of the wife’s entitlement to alimony. The basic principle for such a claim is contained in LSA-C.C. Art. 160, which provides :
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; * *
Defendant resists plaintiff’s demands for alimony primarily on the ground that because of his limited income he is unable to pay. Defendant, 42 years of age, a retired lieutenant colonel of the United States Air Force, has a net retirement income of $396.04 per month. The record not only reflects no other significant income but that his retirement resulted from a condition of health and that, therefore, he is no longer able to pursue the only vocation for which he was trained.
It appears appropriate to point out that while plaintiff is without substantial means, she has received, or will receive, from the community estate, an approximate $4,000.00 interest in certain stocks. Moreover, plaintiff and the two daughters reside in the home of defendant’s mother in Hanover, Pennsylvania. Deducting from defendant’s income the support awarded the minors and of which plaintiff has the administration, the record discloses that the defendant has remaining, for his own living, the sum of $196.04 per month.
Balancing the needs of the former wife against the ability of the former husband to pay alimony, we find no substantial basis for disagreement with the conclusion reached by the trial court that defendant is unable to pay more than that which he has been directed to pay to the mother for support of the daughters.
The judgment appealed is therefore affirmed at plaintiff-appellant’s cost.
Affirmed.