JOHNSON, Judge.
This is an appeal by the husband from a judgment dismissing his rule for the reduction of alimony of $250.00 per month awarded to his divorced wife under C.C. art. 160, as amended.
The sole question involved in this appeal is whether the divorced wife has sufficient means for her support.
On July 6, 1966, the parties were divorced and monthly alimony of $250.00 was awarded to the wife. On May 2, 1967, the husband brought proceedings by rule to have the alimony terminated, or alternatively, reduced, contending that the wife is no longer in necessitous circumstances since she has personal assets sufficient for her support.
The wife has no income. Her capital assets consist of (1) the residence which the wife now owns and in which she resides. It is free of mortgage. Her counsel stipulated the value of this property, including furniture, at $18,000.00. The CAB ap-praisement on the lot and house is $16,-500.00, and there is testimony that it is difficult to sell a home at more than the CAB appraisement. An inventory and ap-praisement made on January 27, 1965, by appraisers appointed by the Court, valued the house and lot at $22,500.00. (2) At the time of the partition of community property, the wife got an equity in certain stock in the company in which the husband was employed, her equity therein being valued at $6,000.00. The ownership of this stock is contingent upon whether the employee-husband remains in the employ of the company for a certain period of time. The wife has no income from her equity in *800 that stock and she cannot sell it. (3) The wife testified that she had about $6,-000.00 remaining from an inheritance which the wife stated was in her home. In argument counsel said that this money had been given to her son for his personal use as a down payment upon a home for himself.
The evidence shows that at the time of the trial of this rule Mrs. Montz was 51 years of age; that she and Mr. Montz had been married 29 years; that she has never been employed because of poor health; that she has had back trouble for many years which makes it impossible for her to stand or sit for long periods of time; that she is very nervous; that she has a heart condition, and that she has to pay her medical and drug bills and income tax on the alimony she receives. This lady already has had to draw on her capital assets, which, in her physical and financial situation, she should not be required to do at this time.
Mr. Montz is employed by Chevron Oil Company, a subsidiary of Standard Oil of California, with his office in New Orleans. His monthly salary is $1016.00, plus an automobile allowance of $75.00. He also receives small dividends from company stock which he has bought and is buying outright individually. He operates what he terms a hobby, a business on a rather small scale of commercial photographer. He said this sideline operation pays next to nothing net over the cost of operation. Mrs. Montz testified that while they were married his net earnings from the picture business was around $100.00 a month.
In his argument to' reduce or discontinue the alimony, counsel for appellant relies mainly upon the case of Derussy v. Derussy, 175 So.2d 15, decided by this Court and in which Judge Barnette made a thorough research and analysis of the jurisprudence interpreting and applying the provisions of Article 160 of the Civil Code. On the facts which he found in that case, the Court held that the divorced wife was not without “sufficient means for her maintenance,” since she had sufficient personal income for her support. In the Derussy case, however, we said that a decision in matters such as this “appears to rest upon the facts in each case and to a considerable degree within the discretion of the Court.”
The trial Judge in this case held that even though the assets above set forth might return or yield theoretically a monthly income of $93.75, such income would have to be supplemented. It is our opinion that Mrs. Montz is in necessitous circumstances considering her age, her inability to work, her medical expenses, cost of food, clothing and the maintenance and upkeep of her home. Loe v. Loe, La.App., 131 So. 2d 106.
Under the circumstances, we cannot say that the trial Judge abused his discretion in refusing to eliminate or reduce the award of alimony of $250.00 which is within the prescribed one-third of the husband’s earnings.
Accordingly, the judgment appealed from is affirmed.
Affirmed.