LeSUEUR, Judge.
Plaintiff and defendant were married in 1942 and maintained a matrimonial domicile in Orleans Parish from that date until August IS, 1966, when they separated. Defendant secured a legal separation on March 6, 1968. Plaintiff filed this action for divorce on August 22, 1968, alleging two years continuous separation as set forth in LSA-R.S. 9:301. The trial court granted plaintiff’s divorce but found that the wife was without fault and granted her alimony in the amount of $58.00 per month. Plaintiff has appealed asserting that the trial court’s finding that defendant was without fault in causing the divorce was erroneous, and, alternatively, that the granting of permanent alimony under LSA-C.C. Art. 160 was erroneous also, as the defendant is not in necessitous circumstances.
Except for a short period early in their marriage, plaintiff and defendant have lived with plaintiff’s mother and unmarried sister, first in the same house and, later, in an apartment at the rear of the main house. Defendant’s relationship with plaintiff’s mother and sister has always been somewhat strained although neither plaintiff nor defendant were able to explain why. Defendant has for years requested that they establish a separate matrimonial domicile where they “could live like a family”, but plaintiff has always denied her requests. Defendant stated that she and plaintiff had two daughters, although only one was still living at home at the time of the separation. She slept in plaintiff’s mother’s room in the main house, since their apartment contained only one bedroom. The four of them had lived in the one-bedroom apartment for a number of years because plaintiff claimed that he could not afford to move. Defendant contends that this was a major factor contributing to the deterioration of their marriage.
Plaintiff contends that he could not afford the type of home defendant wanted and that is why they had to stay with his mother, although plaintiff was a union pipe fitter, drawing union scale pay, and has been employed steadily during the marriage. Plaintiff also contends that his wife’s trips and conventions in the field of voice rehabilitation subsequent to her larynx removal in 1955 have placed a financial drain on him, thereby preventing him from securing the housing requested by his wife.
Both parties acknowledge that they were not on speaking terms at the time of separation and that they had not shared the same bedroom for approximately one year prior to that time. Immediately prior to the separation, defendant went on a trip connected with her voice rehabilitation work and while she was away plaintiff suffered a mild stroke. He moved into his mother’s house for care and refused to move back to the apartment when defendant returned, because he felt that by leaving on a trip without telling him of her destination and not returning when he became ill (although she was not so informed), she had not fulfilled her marital duties and he was, therefore, justified in remaining away.
As stated before, the trial judge granted plaintiff’s demand for the divorce “a vinculo matrimonii” but found that defendant was without fault at the time of separation. After examination of the record, we find that the trial judge’s determination that defendant was without fault at the time of separation was correct. The many years of living in a cramped and tense atmosphere had deteriorated the marital situation and the husband’s refusal to return to the matrimonial domicile was merely the culminating action of that deterioration. This court was not persuaded that defendant’s request for a home separate from that of plaintiff’s mother and sister was so unreasonable or financially prohibitive to plaintiff that it would justify the resulting situation which prohibited defendant from rearing her children in a proper family atmosphere. Nor was her failure to return from a trip when she was *565 not informed of plaintiff’s illness sufficient grounds for plaintiff to refuse to return to the matrimonial domicile.
Plaintiff alternatively claims that defendant is not entitled to alimony, either the $58.00 per month granted or any alimony at all, under LSA-C.C. Art. 160, which reads:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries. (As amended Acts 1964, No. 48, § 1.)”
In support of his contention that defendant is not entitled to alimony, plaintiff relies heavily on the recent Supreme Court case of Montz v. Montz, La., 221 So.2d 40 (1969). The Montz case interpreted LSA-C.C. Art. 160 concerning “sufficient means for her support” and concluded that a woman owning an unencumbered house valued at $18,000.00, equity in stock valued at $6,000.00, and $6,000.00 in cash, had sufficient means for her support. In the Montz case a number of other cases were cited which held that where a wife has property and an income, even if meager, she has “sufficient means for her maintenance”.
In the present case, defendant has no property. She has a bank account with a balance of approximately $260.00 and a net monthly income of $260.00. She presented a list of her necessary monthly expenditures totalling $290.00, which the trial judge apparently did not consider sufficient, as he awarded her $58.00 per month alimony, for a total monthly income of $318.00. Since the trial judge was able to observe the witness and evaluate her, we cannot say that he was unreasonable in allowing defendant $58.00 alimony, which is well within the one-third maximum allowable under Art. 160, instead of the $100.-00 per month requested, or that he exceeded the discretion allowed the trial judge under Art. 160, in determining what constitutes sufficient means for the wife’s support.
Unlike the Montz case, defendant’s $260.00 bank account cannot be considered sufficient property to allow her “sufficient means for her support”, as this amount is less than her listed monthly expenditures.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of appeal are to be borne by appellant.
Affirmed.