244 So.2d 86 (1971)
Bernard E. DOUGHTY, Plaintiff-Appellee,
v.
Delores Gasper DOUGHTY, Defendant-Appellant.
No. 3308.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1971.
*87 Roos & Roos, by Sidney G. Roos, New Orleans, for defendant-appellant.
Long, Hughes, Ryland & Peters, by Edwin R. Hughes, Jena, for plaintiff-appellee.
Before FRUGE, SAVOY, and MILLER, JJ.
FRUGE, Judge.
This is an action for divorce based on LSA-R.S. 9:302 which allows a divorce where there is no reconciliation between the spouses after passage of either a year and 30 days or a year and 60 days from a judgment of separation from bed and board. The litigation in the instant case was commenced in September of 1967, when Mrs. Doughty filed suit in the 24th Judicial District, Parish of Jefferson, for a separation from bed and board. The judgment of separation from bed and board was granted on May 21, 1968.
On October 15, 1969, Dr. Doughty filed suit in the 28th Judicial District, Parish of LaSalle, for an absolute divorce under LSA-R.S. 9:302, and sought additionally a modification of the custody award. Mrs. Doughty answered the suit, and by reconventional demand asked for changes in alimony and child support awards and for attorney fees, and clarification of visitation privileges. Following a trial on the merits, the trial court entered judgment which included a decree of absolute divorce. The court additionally denied the attorney fees, and established visitation privileges. In the final judgment, the court rejected Mrs. Doughty's plea for alimony and fixed child support at $150 per month for each of the four children or an aggregate of $600 per month. The defendant, Mrs. Doughty subsequently perfected this appeal.
The appellant contends the trial judge erred in failing to award permanent alimony to Mrs. Doughty and that the trial judge erred in awarding only $600 a month in child support for the maintenance of the four children born of the marriage. The appeal is limited to these two issues.
In discussing the issue of Mrs. Doughty's request for $500 a month in permanent alimony, the trial court, after citing Article 160 of the Revised Civil Code stated that Mrs. Doughty had earned approximately $5,374 during the year of 1969 as a licensed, registered nurse, and that this, along with her one-half of the community property, provided her with "sufficient means for her support". Article 160 R.C. C.
The alimony permitted under the provisions of the Louisiana Civil Code is in the nature of a pension, which at the court's discretion may be awarded where the wife does not have sufficient means to support or maintain herself. Procell v. Procell, 226 So.2d 590 (La.App.2d Cir., 1969), Smith v. Smith, 217 La. 646, 47 So. 2d 32 (1950). In determining the wife's ability to support and maintain herself, the law is not concerned with the preservation of the standard of living to which she has been accustomed, but only whether or not she has sufficient means (considering capital and income) to provide herself with food, clothing, and shelter. Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969), Rabun v. Rabun, 232 La. 1004, 95 So.2d *88 635 (1957); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954).
Considering Mrs. Doughty's income, as well as her share of the community property, we cannot say that the trial judge abused his discretion in refusing to award permanent alimony to Mrs. Doughty in the instant case.
The original judgment of separation awarded a total of $900 per month in child support for the four children of the marriage. In the instant action, the plaintiff, Dr. Doughty, sought to have the child-support award reduced to $500 per month, while the defendant, Mrs. Doughty, asked for an increase to $1200 per month. The trial judge fixed child support at $150 per child or $600 per month.
The testimony in the instant case revealed that Dr. Doughty had no large investments income and received only $95.35 from some stock holdings in 1969. In that same year, his total income from his private medical practice was approximately $16,000. The remainder of his income came from his operation of a private hospital from which he earned approximately $25,000. After taxes, Dr. Doughty was left with a net income of approximately $30,500.
The trial judge, in determining the proper award for child support, took into account, the doctor's personal fixed expenses of approximately $800 per month, and the additional fact, that for various reasons, the private hospital which he operated was being closed on September 1, 1970. Based upon the doctor's earnings during the first half of 1970, and additionally considering the expenses of closing his private hospital and the fact that it would not be operating subsequent to September 1st, 1970, the trial court estimated his annual income for 1970 at approximately $25,000.
The record shows that for the last five years, Dr. Doughty's income has averaged more than $40,000 per year. During the first five months of 1970, figures available for the trial court showed Dr. Doughty's income to be about $4,000 per month counting medicare payments to his private hospital and his own practice.
Thus, the trial court's action in setting the child support award at $150 per month per child was an attempt to project the possibility of a future reduction in income. We do not believe that such speculation is warranted. The award should be based upon the father's past and present income records. If a change should occur later, resulting in a substantially lowered income producing ability then the award can be re-examined and readjusted upon proper showing.
It is apparent that Dr. Doughty's income is in a state of flux at the present time, however, this does not diminish the duty which the law places upon him to maintain and support his children. We are of the opinion that the award of $150 per month per child is inadequate under all the circumstances of this case. Therefore, the award will be increased.
If the doctor's circumstances should change significantly, the award of child support is open to adjustment. In the meantime, an award of $225 per month per child appears to us to be consistent with all the facts and circumstances of this case, particularly since the eldest child will be entering college next year.
For these reasons; the judgment is amended to provide that the award of child support in the instant case be increased to $225 per month for each of the four children, or a total of $900 per month. As amended, the judgment is affirmed. All costs of this appeal are to be shared equally by the parties. Thus, the appellant and the appellee will each pay one-half of the costs of this appeal.
Amended and affirmed.