BOLIN, Judge.
In March 1969, Bertie Jo Daniel Har-well obtained a separation from bed and board from Clifton Wesley Harwell. The court also awarded Mrs. Harwell the care and custody of three minor children, issue of the marriage; alimony for her support in the sum of $150 per month; and $150 per month for the support of the children. Mr. Harwell secured a final divorce from Mrs. Harwell in September, 1970, on the *435 ground of their having lived separate and apart for a period in excess of one year and sixty days following the judgment of separation. Pursuant to a reconventional demand, filed in the divorce action, Mrs. Harwell was granted judgment of $150 per month alimony for herself and $175 per month for the support and maintenance of the three minor children. Mr. Harwell appeals from the ruling of the lower court and asks to be relieved of the obligation of paying alimony to his wife and for reduction in the sums awarded for the support of the children.
The primary issues are whether the divorced wife has insufficient means for her support and whether the husband is financially able to pay the amounts awarded to the wife, individually, and on behalf of the minor children for their care and maintenance.
The evidence reflects that, due to her physical condition and lack of training, Mrs. Harwell was unable to work. She had neither outside income nor other assets, although she was permitted to reside in a home owned by the community formerly existing between Mr. Harwell and her. She was required to make payments of approximately $73 per month on the house and pay all utility bills. She was in such financial condition she qualified for the federal food stamp program and was allowed to purchase a $100 certificate for groceries for the sum of $22. Mrs. Har-well testified as to the other usual expenses necessary for her to maintain a minimum standard of living. The trial judge found she was in necessitous circumstances and that the sum of $150 per month was a reasonable award.
The only evidence relative to the income of Mr. Harwell was his own testimony. He was a printer by trade and owned and operated his own business. He testified his “last year’s net income [1969] was around $5800, roughly”. He said his gross income for the same period was “somewhere around twenty-two — a little over $22,000”. He subsequently testified his income for the current year would probably be a “little bit” larger than for the previous year.
Appellant relies on Louisiana Civil Code Article 160. This article provides the court may allow the wife to recover alimony when she has not sufficient means for her support, but such award cannot exceed one-third . of the husband’s income. Assuming the husband’s annual income was only $5800, or $483 per month, it is apparent the award of $150 per month does not exceed one-third of this amount.
Since the wife’s alimony is in the nature of a gratuity, the criterion by which the court is guided in fixing the award is the amount necessary to provide her with “sufficient means for her support” and not what it takes to support her in the manner in which she was accustomed to living while married. This standard is established by the express provisions of Civil Code Article 160 as interpreted by numerous cases. See Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957); Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969). Our review of the record convinces us the finding of the district judge is supported by the evidence and there was no abuse of discretion in his award of $150 per month alimony to the wife.
The present ages of the three children, whose custody was granted to Mrs. Harwell, are: Sylvia Susan, 19; William Wesley, 18; and Paul Christian, 12. At the time of trial Sylvia was attending college on a disability scholarship to which she was entitled because- of blindness in one eye. However, Mrs. Harwell testified she was responsible for many of Sylvia’s expenses, including clothes, meals on week-ends, medical expenses and other incidental expenses. William, who also was attending college, had obtained employment at the school and was largely self-supporting. However, the financial obligation of Mrs. Harwell toward William was very similar to that due Sylvia. The youngest child, Paul, was attending school and was wholly dependent upon his mother for fi *436 nancial support. He had a health problem classified by his mother as a “dormant tumor of his left leg”. She testified without objection she had been advised by a physician that, should the tumor cease to be “dormant”, an operation would probably be necessary to correct Paul’s physical condition.
As correctly stated by the trial judge, it is the obligation of both the father and mother to support their minor children during their minority. (La.C.C. Art. 227.) Since the wife had no income and was unable to work, he fixed the amount of support for Sylvia and William at $50 per month each, and for Paul at $75 per month, bringing the monthly total of alimony for Mrs. Harwell and the support of the minor children to $375. We are left with the same impression as was the trial judge that plaintiff makes in excess of $5800 net income per year. However, the trial judge is vested with much discretion in matters involving custody and alimony awards, and his decision should not be reversed unless clearly erroneous. We think the record supports the judgment appealed from.
The judgment is affirmed at appellant’s cost.