GULOTTA, Judge.
This is an appeal by defendant and plaintiff in rule from an adverse decision *349 of the trial court denying his rule to terminate alimony payments to plaintiff, his divorced wife, and reducing the alimony payments to $80 per month.
Plaintiff and defendant were married on September 2, 1948. No children were born of the marriage. A judgment decreeing a separation from bed and board between them was rendered on June 22, 1967, and by consent alimony pendente lite was fixed at $250 per month. On July 24, 1969, a judgment of divorce was rendered, and again by consent the judgment included an award of alimony in the sum of $160 per month. Defendant husband filed a rule to terminate alimony on July 16, 1970, alleging that his former wife was now gainfully employed and had sufficient means for her maintenance. The trial judge on August 13, 1970, rendered judgment on said rule ordering a reduction of the amount.
The undisputed facts are that plaintiff wife is presently earning wages of $7,200 per year. Her testimony revealed that she has no other earnings or capital. Defendant husband’s gross earnings total $1,360 per month.
The award of alimony to the wife after divorce is governed by LSA-C.C. Art. 160 which reads:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce; * * * This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.” (emphasis added).
The sole issue, therefore, before the court is whether the earnings of plaintiff can be considered “sufficient means for her support” so as to require termination of alimony payments.
Under the jurisprudence of this state, when the wife is without means or when her means are not sufficient for her support, the amount of alimony or pension provided for in LSA-C.C. Art. 160 for a divorced wife is left largely to the discretion of the trial judge. Matheny v. Matheny, 205 La. 869, 18 So.2d 324 (1944); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953). The test, however, is not the amount of money which is required to support the divorced wife in the manner in which she has been accustomed to live but that sum which will provide her with sufficient means for her maintenance. Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954); Matheny v. Matheny, supra; Fortier v. Gelpi, 195 La. 449, 197 So. 138 (1940). Therefore, we are bound by the “sufficient means for support” test.
In light of the jurisprudence, we must consider whether the trial judge abused his discretion in holding that a wife earning $7,200 per year did not have sufficient means for her support.
After reviewing the record, we are constrained to hold that an annual income of $7,200, under the circumstances existing in this case, is sufficient for the wife’s maintenance.
Since alimony to a divorced wife authorized by LSA-C.C. Art. 160 is in the nature of a “pension,” it is hence a mere gratuity which is revocable when it becomes unnecessary. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950); Fortier v. Gelpi, supra; Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944).
In view of our finding that plaintiff’s earnings are sufficient for her maintenance, alimony payments to her have therefore become unnecessary and must be discontinued under the rule of LSA-C.C. Art. 160. Accordingly, the judgment of the trial court reducing alimony payments is reversed and alimony payments are hereby terminated.
Reversed.