255 So.2d 504 (1971)
Mrs. Josephine B. BOWLES, wife of Dr. Richard M. PADDISON
v.
Dr. Richard M. PADDISON.
No. 4664.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1971.
Reuter, Reuter & Schott, J. Richard Reuter, Jr., David M. Cambre, New Orleans, for Mrs. Josephine B. Bowles, wife of Dr. Richard M. Paddison, appellee-appellant.
Badeaux, Discon & Cumberland, Reginald T. Badeaux, Jr., J. Michael Cumberland, New Orleans, for Dr. Richard M. Paddison, appellant.
Before SAMUEL, CHASEZ and GUIDRY, JJ.
CHASEZ, Judge.
Dr. Richard M. Paddison, whose wife, Mrs. Josephine B. Bowles, secured a judgment of final divorce on August 5, 1966 wherein the wife was awarded $600.00 per month alimony, permanent care, custody and control of five minor children of the marriage, and $230.00 per month for each of five minor children, has caused a rule to be issued directing his ex-wife to show cause why the alimony should not be terminated or reduced. Subsequently, Mrs. Bowles caused to be issued a rule to show cause why Dr. Paddison's support for the minor children should not be increased.
Both matters were tried together in the Civil District Court for the Parish of Orleans, with judgment being rendered in that court dismissing both motions. Both parties have appealed the ruling adverse to their motion.
The relator, Dr. Paddison, contends that his former wife is not entitled to alimony because she has assets and income which are adequate to maintain her. Mrs. Bowles is the owner of a duplex in which she resides that was purchased by her for $30,500.00. The evidence shows that Mrs. *505 Bowles expended $12,000.00 for improvements on the property and that the property is subject to a mortgage of $22,000.00; therefore the duplex has an approximate net value of $20,000.00. The other half of this house is being rented and Mrs. Bowles receives $2,820.00 per year as rental income. Her other assets include $20,000.00 in Treasury Bills which yield $100.00 per month in interest. Mrs. Bowles testified at the trial of the rules that she was employed as a staff nurse at Ochsner Foundation Hospital at a salary of $7,800.00 annually. She further testified that she was forced as a result of an operation on her foot to leave her employment and it could not be determined at the time of trial whether her leave would be permanent or temporary. However, in her testimony she expressed a desire to return to work. Whether she is able to return or not is speculative and for our purposes it is not determinative of the issues in the present case.
The provisions of L.S.A.Civil Code Article 160, as amended, provide for alimony only where the ex-wife has insufficient means for her maintenance. The Supreme Court of Louisiana has held that where the wife has unencumbered property valued in excess of $20,000.00 she is not entitled to alimony from the ex-husband. Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969); Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). In the present case Mrs. Bowles has assets and income over and above $20,000.00 and is therefore not entitled to alimony. The alimony authorized by LSA-C.C. Art. 160 is in the nature of a pension, hence a mere gratuity which is revocable when it becomes unnecessary. McAfee v. McAfee, 249 So.2d 348 (La. App., 4th Cir. 1971).
Under the provisions of the Louisiana Civil Code and the rulings of the Louisiana State Supreme Court thereon, we conclude from the evidence that alimony to Mrs. Bowles is not allowable and that Dr. Paddison is to be relieved of further alimony payments under the judgment of August 5, 1966.
In the rule filed by Mrs. Bowles, she seeks increased child support payments. Her basis for the motion is the increased needs of the children as they mature and her inability to adequately rear and educate them. Child support of $690.00 per month is presently being paid by Dr. Paddison for the support and maintenance of the three remaining minor children. Mrs. Bowles has alleged that a minimum of $450.00 a month per child is necessary. She prepared a summary of support expenses for the year 1969 which included a breakdown of expenditures as apportioned between herself and the children. From this summary she has estimated that $22,859 has been expended on the children.
Mrs. Bowles testified that her parents gave her financial assistance which was necessary to enable one of the children to enter college. That her further ability to contribute to the support, maintenance and education of the three minor children as reduced by our judgment herein, cannot be controverted.
Dr. Paddison is a man of substantial means with a gross income of $60,000 to $65,000 per year and a net worth of approximately $325,000.00. His children are thus entitled by birthright to a life during their minority harmonious with his station.
As a child grows older, expenses for his support, maintenance and education increase. This is especially true upon the advent of the child's entrance into higher education. Accordingly, the parents should meet their proportionate obligation according to their respective means and ability.
We are therefore convinced by the circumstances and means of the parties involved that the award for child support should be increased $100.00 a month per child. As the wife was contributing to the support of the children out of the alimony she received, alimony which we feel must be discontinued, by raising the payments of child support we are establishing a parity of obligations between the husband and wife. We do so because of the dictates of *506 LSA-C.C. Art. 227, enjoining and obligating both parents by the very act of their marriage to support, maintain and educate their children.
For the above and foregoing reasons the judgments of the district court are reversed and it is now ordered, adjudged and decreed that the rule instituted by the husband be made absolute and that he be relieved of further payments of alimony under the judgment of August 5, 1966. We also order, adjudge and decree that the rule instituted by the ex-wife be made absolute and that the award for child support be increased $100.00 to the sum of $330.00 a month per child. All costs to be taxed equally between the parties.
Reversed and rendered.