BAILES, Judge.
This is an appeal from the judgment of Civil District Court of the Parish of Orleans discontinuing alimony payments by James Wittenberg, Jr., to Henrietta Evelyn Ash, his divorced wife on the ground that she had sufficient property and income to support herself.
The appellant and her former husband were divorced on January 16, 1946, and at that time Mr. Wittenberg was condemned to pay to his former wife the sum of $440 as alimony for the support of herself and their two sons. Subsequently, because of the maturity of the children and the payment by Mr. Wittenberg of educational and other expenses of the two children, the alimony was reduced in 1956 to the monthly sum of $350. It has continued at this amount until Mr. Wittenberg instituted these proceedings to be relieved of the payment of any further alimony.
The judgment of the court a quo discontinued the payment of alimony by Mr. Wit-tenberg to Mrs. Wittenberg until such time as she has not sufficient funds for her maintenance.
We find the judgment appealed is correct and therefore it is affirmed.
Mr. Wittenberg has continuously paid the appellant the alimony due her of $350 since 1956. Mrs. Wittenberg testified that her mother, until her death in 1965, supplemented this alimony by a payment of $150 per month which was continued by her father until his death in 1971.
It was proved on the trial that appellant inherited through the last will of her mother one-third of her mother’s estate. This interest was left in a spendthrift trust. The remaining two-thirds of her succession was bequeathed to the appellant’s two sons. The whole of the mother’s succession was subject to the testamentary usufruct in favor of Mr. Ash, appellant’s father, and at his death, the usufruct was to run in favor of appellant.
Upon Mr. Ash’s death in 1971 appellant inherited the forced portion of one-third of his estate in full ownership and the remaining two-thirds was left to his two grandchildren, the children of appellant, subject to the lifetime usufruct of their mother, the appellant.
From the above it is seen that the appellant is the owner in full ownership of one-sixth of the estate of her mother and father, and an additional one-sixth left in the spendthrift trust. Therefore, Mrs. Wittenberg is either the owner of or the income beneficiary of the entire estate of her mother and father.
Our examination of the succession records filed herein of both Mr. and Mrs. Ash supports the following computation of values of inheritances to Mrs. Wittenberg. In making these calculations we have utilized the values shown in the sworn descriptive list of assets in each succession, plus a figure of $70,000 which for all practical purposes is approximately the net amount to be realized from the sale of the Ash family home. This property was sold for a gross amount of $80,000, however from this amount after deducting the realtor’s commission incidental expenses of the sale, and an allowance for payment of income taxes on the long term capital gain or profit, we believe the net realized from this sale will approximate $70,000.
*923 Mrs. AsH’s estate had a net value of $65,273.73, which included $15,000 as the value of her one-half interest in the family home. Upon deducting the value of her interest in the home property, her estate is reduced to $50,273.74. The Ash family home property will be treated separately infra.
Mr. Ash’s estate had a net value of $67,911.93 which included $35,000 as the value of his one-half interest in the family home. By excluding the value of the family home the value of his estate will be reduced to $32,911.93.
Thusly, Mrs. Wittenberg is the income beneficiary and/or usufructuary of the following :
From the Succ. of Mrs. Ash $50,273.74
From the Succ. of Mr. Ash 21,941.28
For a total of $72,214.93
In addition thereto, she will also receive as income beneficiary and/or usufructuary the income from five-sixths of the $70,000 realized from the sale of the family home, or from the sum of $58,333.34, (also the owner of $11,666.66 as indicated below). This means then that she is the income recipient of the principal sum of $130,548.26.
In addition to this, Mrs. Wittenberg is the owner of the following assets:
One-sixth of the net proceeds from the sale of the family home $11,666.66
Stocks owned (being one-third of her father's estate, less one-sixth of the receipts from the sale of the family residence) $11,500.00
Cash in bank $ 2,300.00
TOTAL $25,466.66
To translate the above values into income to Mrs. Wittenberg, the account executive of E. F. Hutton & Company, stock brokerage firm who is familiar with the stock holding of the above interest has calculated the expected annual dividend income to Mrs. Wittenberg to be $6,890 and in addition thereto, although not yet invested, it is reasonable to anticipate that the $70,000 proceeds of the sale of the Ash family home will produce a five per cent return or $3,500 annually. This will increase the gross income of Mrs. Witten-berg to approximately $10,390.
Of the assets of which Mrs. Wittenberg is the owner, we believe the record supports the conclusion that income from the $10,970.64 inherited in full ownership from her father’s succession is included in the income calculations of the E. F. Hutton account executive. This amount appears to be now the $11,500 in stocks owned by Mrs. Wittenberg, We do include the one-sixth net proceeds of $11,666.66 realized from the sale of the Ash family home in the expected income of $3,500 discussed above.
The narrow question for our decision is whether the above newly acquired financial status shows such a change in Mrs. Wit-tenberg’s financial condition as to relieve the former husband of further alimony payments until such time as she is again in need of financial assistance.
Counsel for Mrs. Wittenberg argues that as a corollary to this question above stated, we must decide whether the district judge properly excluded evidence of the former husband’s financial condition. Also, counsel poses for our decision the question of whether the court was justified in considering prospective wealth which the wife might enjoy at some future date but which she has not yet received as of the date of trial.
Prospective wealth referred to in the last stated question is the money received from the sale of the family home. Mrs. Witten-berg testified that the $75,000 remaining from the sale of the family home was deposited in the bank awaiting investment. It is subject to her and her two sons’ control. The import of her testimony dealing with this fund is that the taxes have not been paid, that the amount of taxes due is being worked out by an accountant and as *924 soon as the taxes are paid, the fund will be invested.
We find these funds are in the hands and under the control of Mrs. Wittenberg and her two sons. Although this fund was not at the time of trial yielding a return, it is reasonable to anticipate the return as stated supra.
Addressing ourselves to the corollary question, we find that the district judge correctly excluded evidence of Mr. Wittenberg’s financial condition. We reach this conclusion for two reasons. First, this is not a proceeding by the former wife to increase the alimony paid by her former husband, but conversely a proceeding by the former husband to be relieved of the payment of alimony because the recipient thereof now has sufficient means from which to provide her own support. The only provision is C.C. Article 160 that brings into consideration the former husband’s financial condition is the restriction which provides that:
“When the wife has not been at fault, * * *, the court may allow her, * * *, alimony which shall not exceed one-third of his income * *
Secondly, for the reason the alimony being paid under Article 160 is a type of pension or gratuity owed by the former husband to a former wife who has not sufficient means for her own support, the amount of which is fixed on a determination of the amount of the former wife’s need for the basic necessities of life, viz: food, clothing and shelter.
This is to be distinguished from alimony due under C.C. Arts. 120 and 148 which requires a balancing of needs of the wife with the means of the husband to maintain the wife in circumstances similar to those with which she has been accustomed. See Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). We now move to a decision of the issue before us.
In the application of the facts above which set forth the improvement of appellant’s financial condition to the prior jurisprudence of this State we have no hesitancy in finding that Mrs. Wittenberg has now sufficient means for her own support.
Prior to her inheritance from her mother and father, as discussed above, Mrs. Wit-tenberg was living on an annual income of $4,200 alimony received from the appellee and $1,800 received from her parents. This allowed her a monthly income of $500. Her financial condition has been ameliorated to the extent that she now has an annual income in excess of $10,000.
Overlaying the provision for the divorced wife to receive the pension or gratuity provided in her favor in C.C. Article 160 (aside from being without fault) is the condition that “she has not sufficient means for her support.” When she ceases to qualify as a person who has not sufficient means for her own support, the former husband no longer owes her the gratuity provided in C.C. Article 160.
Our consideration of the jurisprudence which included Smith v. Smith, supra, Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Stabler v. Stabler, 226 La. 70, 75 So.2d 12 (1954); Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957); Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969); Leavines v. Leavines, 224 So.2d 26 (La. App.1969); Bahle v. Bahle, 226 So.2d 563 (La.App.1969) ; and Paddison v. Paddison, 255 So.2d 504 (La.App.1971), causes us to conclude that the judgment appealed from is correct.
For the reasons assigned, the judgment is affirmed. Appellant to pay all court costs.
Affirmed.