289 So.2d 211 (1973)
William Stuart WOOD
v.
Nellie R. WOOD.
No. 9647.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*212 Haley M. Carter, Franklinton, for appellant.
Walter J. Barnes, II, Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
This appeal by plaintiff-husband is from a judgment awarding defendant-wife an increase in alimony, after divorce, from $50.00 to $125.00 per month. Appellant complains that the trial court erred not only in increasing the award, but also in rejecting Appellant's counter rule to discontinue alimony altogether. We reverse and terminate the alimony.
The parties were divorced by judgment rendered May 14, 1969, which decree also awarded Appellee $100 per month "as alimony and support for the maintenance of the minor children, Phyllis Lynn Wood and Stuart Wood, Jr." On November 18, 1969, Appellant obtained a decree reducing the award from $100.00 to $50.00 monthly on the ground the minor, Phyllis Lynn Wood, then 18 years of age, was self-supporting and no longer living with her mother.
This present rule by Appellee seeks an increase in alimony to the sum of $500.00 per month. Appellee maintains a drastic change in her financial condition has resulted from the discovery in July, 1971, that she was suffering from carcinoma which necessitated her undergoing an abdominal hysterectomy and bilateral saplingo-oophorectomy on July 26, 1971.
The record discloses that Appellee presently resided with her daughter, Phyllis Lynn, who is 21 years of age and self-employed, earning a take home pay of $150.00 *213 every two weeks, and her over 18 year old son, Stuart, Jr., who is a freshman in college. Since her operation, Appellee has been compelled to relinquish one of two positions of employment she formerly held. She is presently employed at a gross salary of $620.00 monthly, which produces a take home pay of $480.00 per month. Appellee's son, Stuart, Jr., was employed part time and was partially self-supporting until he entered college in August, 1972. Since then he has been supported by his mother and sister who finance both his personal needs and the expense of his college education. Appellee's position is that her illness has resulted in the accumulation of considerable medical expense beyond her insurance coverage which, added to her own increased expenses for herself and son, establish a need for additional alimony. Appellant, however, contends the son, who is now a major at 18 years of age, is no longer entitled to support as a minor. Therefore, according to Appellant, Appellee's claim to alimony must be predicated on Appellee's individual needs only. In this regard, Appellant notes that Appellee's take home pay is ample for Appellee's personal needs. Additionally, Appellant cites his inability to pay in that his 1971 income tax return (introduced in evidence) shows that Appellant made a net profit of $2,091.00 from the operation of a rural meat market, and Appellant's second wife earned a total of $600.00 in outside part time employment. On this basis, Appellant contends Appellee is not entitled to any alimony whatsoever for herself. Alternatively, Appellant maintains the sum awarded Appellee amounts to more than one-third of Appellant's income, the maximum alimony allowed a necessitous wife under LSA-C.C. art. 160.
Appellant correctly argues that Appellee no longer may claim alimony as child support for Stuart Wood, Jr. The father's obligation to support a child, as required by LSA-C.C. art. 227, may be enforced by a mother having custody only during the child's minority. Fellows v. Fellows, La.App., 267 So.2d 572. Upon attaining the age of majority, a child entitled to parental support must maintain such an action in his own name. LSA-C.C. art. 227, Fellows v. Fellows, above. LSA-C.C. art. 37 was amended by Act 98 of the Regular Session of the Legislature in 1972, lowering the age of majority from 21 to 18 years. Stuart Wood, Jr. was 18 years of age when this present rule was heard on October 13, 1972. It follows that any claim for parental support made on behalf of Stuart Wood, Jr. must be made in his own name as an adult of lawful age. It also follows that the only alimony or support to which Appellant is entitled is that provided for a divorced wife pursuant to LSA-C.C. art. 160.
It is well settled that the alimony provided for by LSA-C.C. art. 160 is in the nature of a pension which is dependent entirely upon the wife's personal needs, and which may be revoked when it becomes unnecessary. Montz v. Montz, 253 La. 897, 221 So.2d 40; McAfee v. McAfee, La.App., 249 So.2d 348. The alimony contemplated by Article 160, above, is not intended to maintain the wife in the style to which she was accustomed during the marriage. Its purpose is to provide the wife with the basic necessities such as food, clothing, shelter and medical expenses. See Joubert v. Sylvester, La.App., 241 So. 2d 30, and Hope v. Hope, La.App., 271 So.2d 317. It is also well settled that this alimony shall not exceed one-third of the husband's income.
Appellee rents an apartment for $155.00 per month and resides therein with her adult daughter and son, who was almost 19 years old when the present rule was tried. Food for the household, paid for in part by the employed daughter, costs approximately $150.00 per month. Expenses for Appellee's son, including clothing $50.00, transportation to and from college on week ends $25.00, laundry and cleaning $30.00, and medical and dental $20.00, total $145.00 monthly. Utilities cost Appellee $38.00 per *214 month. Appellee lists additional expenses for her son for school, lunches and books in the sum of $173.00, the record being unclear regarding whether these expenses are on a monthly basis or otherwise. Appellee also itemizes per semester expenses in the aggregate of $610.00 incidental to her son's college education. Finally, Appellee lists unpaid medical and hospital expenses totaling $2,000.00, resulting from her recent hospitalization and illness. Appellee is making small monthly payments on these past due obligations. It is significant that Appellee does not itemize or claim expenses for continuing medical treatment or expenses since her operation and hospitilization.
Appellant is self-employed in the operation of a rural retail meat market. He has remarried and lives with his present wife who assists in the operation of the business without pay, and who also works part time at a stockyard. Appellant's business is conducted on a two acre tract containing a market and residence which Appellant purchased on credit and on which he owes a balance of $28,000.00, payable in monthly installments of $331.00. Appellant employs four full time paid employees. He owns two trucks on which he owes $3,000.00, payable in monthly installments of $150.00. The sole evidence of Appellant's financial status consists of Appellant's 1971 Federal Income Tax Return prepared by a firm of certified public accountants. The return shows that Appellant netted the sum of $2,091.00 during the calendar year 1971. The return also shows wages in the sum of $600.00 earned by Appellant's present wife during that same period. Appellant testified that during 1972, his business declined due to the meat shortage and government regulation of retail meat sales. So far as the record shows, Appellant and his present wife had a net income of $2,691.00 for the year 1971. We find nothing in the record to cast the slightest doubt or suspicion upon the accuracy of the return upon which Appellant has based his tax liability to the Federal Government for the year in question.
Appellee maintains she has sustained a change in conditions since alimony was last fixed. She contends she has been compelled to relinquish her former part time employment resulting in a reduction in income. She also contends she has incurred increased expenses due to the cost of educating her son. Relying primarily upon Joubert v. Sylvester, La.App., 241 So.2d 30, Appellee contends she is entitled to an increase in alimony due to the condition of her health and the expenses incident thereto, as well as to maintain her household in its present status.
We have already shown that Appellee is not entitled to further alimony for the support of either of her now adult children. Such alimony as Appellee may be due must be predicated solely and entirely upon her individual needs.
As suggested by Appellee, Joubert, above, does hold that expenses necessitated by illness may be considered in determining the amount of alimony due pursuant to Article 160. We note, however, that in Joubert, above, a wife with an income of $203.00 monthly was awarded $150.00 monthly alimony from a husband with a stipulated income of between $15,000.00 and $20,000.00. We do not mean to imply that the holding in Joubert is controlling herein as to the amount Appellee may receive. It is basic that each case of this nature must be determined in the light of its own peculiar facts and circumstances. However, for comparative purposes only, amounts awarded in prior cases may be considered in subsequent instances involving similar circumstances. We observe that in Joubert, above, the court concluded that a wife with less than half of Appellee's income was awarded alimony of $150.00 monthly, which gave the wife an aggregate income of $353.00. In the instant case, Appellee has a net income of $480.00 monthly on which she must subsist, and also discharge previously accumulated medical expenses approximating $2,000.00. If Appellee discharges these obligations at the rate of as much as $80.00 monthly, she *215 still has an income of $400.00 with which to meet her basic needs. This is sufficient under our law considering Appellee has failed to show that her physical condition requires continued treatment or medication.
We express our admiration of Appellee's fortitude, courage and determination to maintain the family unit and discharge her obligation to educate her adult son. Nevertheless, we cannot escape the conclusion clearly dictated by the record that Appellee has failed to establish that personal need required to entitle her to alimony under our laws and jurisprudence. We also find that the trial court manifestly erred in holding otherwise.
The judgment of the trial court is reversed and judgment rendered herein terminating the obligation of Appellant, William Stuart Wood, to pay alimony to Appellee, Nellie R. Wood, effective upon the finality of this decree; all costs of these proceedings to be paid by Appellee, Nellie R. Wood.
Reversed and rendered.