JONES, Judge.
The appellant was awarded a divorce, custody of her 3 young daughters and child support, but was denied alimony. She appeals, assigning as error the denial of her claim for alimony. We affirm.
The only issue on appeal is whether the trial court was correct in denying the wife alimony under all circumstances of this case.
In his reasons for judgment the trial judge found that the wife was not in necessitous circumstances and had sufficient means for her support within the contemplation of Civil Code Art. 160[1] The court suggested she sell her $32,000 home in which she had $10,000 equity and use the proceeds from the sale to rent a place for her and the children to live. The wife’s assets, other than the home, are limited to less than $1,000 in cash, a 1973 Pontiac automobile, household furniture and a claim against her former husband for past due child support in the amount of $1,500.
Louisiana cases have held that where the former wife has no other source of income she must have net assets in excess of $20,000 in order for her to be considered as having sufficient means to deny her alimony under Civil Code Art. 160. Smith v. Smith, 217 La. 646, 47 So.2d 32 (La.1950); Montz v. Montz, 253 La. 897, 221 So.2d 40 (La.1969); Paddison v. Paddison, 255 So.2d 504 (La.App., 4th Cir. 1971). Even when her total assets consists of a home having a net value in excess of $20,-000 this is not sufficient means for her *626 support where the home is needed to provide a place for the minor children of the marriage to live. The former wife under such circumstances is not required to sell the home and use the proceeds from the sale to provide her support in lieu of receiving alimony from her former husband. Hardy v. Hardy, 214 So.2d 231 (La.App., 4th Cir. 1968); Nicolle v. Nieolle, 308 So.2d 377 (La.App. 4th Cir. 1975). The assets of the wife in the instant case are substantially less than $20,000 and her principal asset is the equity in the home where she and her three children live. Therefore the court was in error when it indicated she could not qualify for alimony under C.C. Art. 160 because of the home owned by her.
The trial judge also stated in his reasons for judgment that plaintiff should go to work and her failure in this respect was a factor in her failure to be considered without sufficient means for her support. The plaintiff’s children are ages 3, 5 and 7. The mother of small children is justified in remaining at home to care for them and her failure to seek employment under these circumstances will not deprive her of alimony after divorce. Ward v. Ward, 332 So.2d 868 (La.App., 4th Cir. 1976).[2] See also Ducote v. Ducote, 331 So.2d 133 (La.App., 3d Cir. 1976).
Although the wife does not have sufficient means for support, her right to alimony must be determined based upon the ability of the husband to pay, as C.C. Art. 160 provides for payment thereof out of “the property and earnings of the husband.”
Plaintiff’s former husband owns and operates a sporting goods store. The building is valued at $20,000 and the store has $27,000 in merchandise. He owns stock worth approximately $9,000 and has debts totaling $29,000. Defendant’s 1975 income was $8,731, $8,074 of which was received from operation of the sporting goods store. If this annual income is prorated on a 12 months basis, it reflects a monthly income of $728. He has been ordered to pay plaintiff $375 monthly child support and further ordered to provide hospitalization for the 3 children, at a cost of approximately $25 per month. He therefore has a monthly outlay of $400 for the children, which leaves him only $328 to meet his own needs. He testified his living expenses amounted to $587 monthly.
It is apparent that if defendant liquidated his property he would have little left after payment of debts. He needs his store (his principal asset) to continue making a living for the children. At the time of trial in April, 1976, the sales records available from the store showed volume off approximately 50% from 1975 which could result in less funds available to meet his child support obligations.
We feel that the situation was aptly summarized by the trial judge when he stated:
“There simply isn’t enough money to go around. Mr. LaHood does not earn enough to support himself, and to support the children in the manner in which they are presently living.
“It is conceivable — and probable — that both Mr. and Mrs. LaHood are going to be compelled to make sacrifices that they had not anticipated and that they would prefer not to make. The dictates of necessity are, however, paramount.”
In Laughman v. Laughman, 170 So.2d 207 (La.App., 2d Cir. 1964) a wife was denied alimony under C.C. Art. 160 where her former husband had a total monthly income of $396.04 from which he was ordered to pay $200 per month child support, leaving him for his own living expenses $196.04. The wife had received property valued at $4,000 from the community settlement. The court there said:
*627 “Balancing the needs of the former wife against the ability of the former husband to pay alimony, we find no substantial basis for disagreement with the conclusion reached by the trial court that defendant is unable to pay more than that which he has been .directed to pay to the mother for support of the daughters.” Id. p. 208.
We find after defendant meets his child support obligation, he does not have the ability to pay any alimony to his former wife.
We affirm the lower court’s decision rejecting plaintiff’s demands for alimony at her cost.

. Art. 160. Wife’s alimony after divorce
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income

. This decision held under some circumstances the failure of a divorced wife to seek employment could deprive her of alimony under C.C. Art. 160. The Louisiana Supreme Court has reversed, in Ward v. Ward, 339 So.2d 839 (La.) # 58279. This decision is not yet final. Stated briefly, that holding does not allow a trial court to compel a divorced wife to seek employment as a prerequisite to obtaining alimony under C.C. Art. 160 under any circumstances. This decision merely reinforces our position here.