PONDER, Justice.
 

 The plaintiff is appealing from a judgment dismissing her demands for accrued alimony awarded under a judgment granting her a separation from bed and board.
 

 The plaintiff alleges in her petition that the defendant is indebted to her in the sum of $6,885, accrued alimony, under a judgment obtained on November 6, 1952, in the Twentieth Judicial District Court granting her a separation from bed and board and awarding her the sum of $35 weekly for the support of the two minor children, issue of the marriage between her and the defendant. She alleges that the defendant has made no payment of the alimony from the date of the judgment until January, 1955.
 

 The defendant answered and averred that he had complied with the judgment and that, therefore, he was not indebted to the plaintiff. This averment is based on the fact that the plaintiff had complied with the judgment up until the time a final divorce was granted on January 21, 1954, wherein the judgment granting the divorce made no provision for the payment of alimony. He further averred that he has been paying $30 per month for the support of the two children since January 10, 1955, in pursuance to his conviction on a charge of criminal neglect or nonsupport of the children.
 

 During the course of the trial of the case in the lower court, the defendant moved to dismiss the suit on the ground that the claim for accrued alimony had prescribed and interposed an exception of no right or cause of action to plaintiff’s petition. Upon hearing the merits of the case, the trial judge gave judgment dismissing plaintiff’s suit.
 

 We find from the record that the plaintiff obtained the judgment of separation from bed and board on November 6, 1952, wherein she was awarded the custody of the children and the defendant was condemned to pay the sum of $35 weekly for the support of the two minor children. On January 21, 1954, the plaintiff was granted a judgment of final divorce but no mention was made therein as to the payment of alimony or as to the custody of the children.
 

 The sole question presented on this appeal is whether the plaintiff can enforce the payment of alimony awarded under a judgment of separation from bed and board, or, in other words, alimony granted pendente lite, after a final judgment of divorce has been rendered wherein no provision for the payment of alimony is made.
 

 
 *772
 
 The plaintiff contends that the award of alimony granted in the judgment of separation from bed and board for support of th.e minor children does not cease upon the rendition of a final judgment of divorce, although it makes no provision for the payment of alimony, since there is a continuing obligation on the part of the defendant to support the children under Article 158 of the LSA-Civil Code and that, therefore, the rules under Articles 148 and 160 of the LSA-Civil Code, relating to the payment of alimony pendente lite, are inapplicable. On the other hand, the defendant contends that the award of alimony in the judgment of separation from bed and board, being alimony pendente lite, ceased to continue upon the rendition of the judgment of divorce which was silent as to the payment of alimony.
 

 We are not unaware that it is the duty of a father to support his children under the provisions of Article 158 of the LSA-Civil Code and that this duty is not affect- ■ ed by the judgment of divorce but the alimony in this case was awarded under a-judgment of separation from bed and board and is, therefore, pendente lite. The plaintiff did not ask for alimony in her petition for final divorce and none was awarded for the support of the children. The record shows that the defendant paid all. alimony due under the judgment of separation up to the time the divorce was granted. The duty of the father to support the children thereafter was not enforced in the judgment for divorce. The duty of the father was not enforced until the non-support charges were brought against him in the criminal neglect proceeding and since that date he has been paying alimony under that proceeding.
 

 It is well settled that a judgment requiring payment of alimony pendente lite is automatically terminated and of no further effect after the rendition of a final decree of divorce. Bowsky v. Silverman, 184 La. 977, 168 So. 121; Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516; Eals v. Swan, 221 La. 329, 59 So.2d 409.
 

 Although the dissolution of marriage does not dissolve the obligation of support for the children, yet this obligation must be judicially enforced and until that is done there can be no recovery of alimony. The alimony awarded during the pendency of a suit for divorce ceases upon the rendition of a final judgment of divorce. Bowsky v. Silverman, supra. In the Bowsky case the alimony awarded pendente lite was not only for the support of the wife but for the support of a minor son.
 

 For the reasons assigned, the judgment is affirnjed at appellant’s cost.