REGAN, Judge.
The plaintiff, Florence H. Schmidt, filed this suit against the defendant, Albert F. Schmidt, her husband, endeavoring to obtain a separation from bed and board, and in connection therewith, she sought a judgment ordering her husband to pay alimony pen-dente lite for her support.
Following a hearing on the plaintiff’s rule for alimony pendente lite, the lower court rendered a judgment ordering the defendant to pay her the sum of $260.00 per month, and from that decree, he has prosecuted this appeal in an endeavor to reduce the amount thereof.
The record discloses that the defendant is employed by. the Boeing Company at a gross salary of $11,000.00 per year and his net take home pay amounts to $714.20 per month.
The plaintiff testified that she was sixty years of age, was unemployed and that her cost of living amounted to $416.00 per month.
The resolution of this dispute relative to the amount of alimony that the plaintiff is entitled to receive from the defendant depends upon our answer to the question of whether she was obligated to request of the trustees payment to her of a portion or all of the income emanating from a trust fund created in the State of Ohio, by her father, for the benefit of her and her children. The relevant paragraphs of the trust instrument provides that:
“The trustees may distribute to my daughter, Florence Schmidt, and the children of my said daughter, whether now or hereafter born, or to any of them, such amount of the net income as in their sole discretion they deem advisable.
“The trustees are fully empowered and authorized in their absolute, sole and unqualified discretion from time to time to expend any portion of the trust assets for the proper care, support, and comfort of my said daughter, and said children.”
It is obvious that the trustees, in exercising their discretion, may distribute to the defendant, or her children, or to any one of *151 them, any amount of the net income as they may deem advisable; the trustees are even authorized to impinge upon the trust assets in order to provide for the proper care, support, and comfort of the plaintiff or her children.
In response to a subpoena duces tecum, the plaintiff produced a statement of trust income for 1963, but denied possession of any additional written evidence of the performance of the trust fund since that time. She claimed that she gave these documents to her daughter, and, therefore, they were not in her possession. In any event, this statement discloses that on September 28, 1963, trust income available for distribution, as opposed to trust capital, was $6,787.23. Counsel for the defendant points out that assuming the trust earned only 4% simple interest per year on its capital of $46,716.02 plus the income therefrom already mentioned, it would have earned approximately $10,-000.00 from the date of the statement produced by the plaintiff, thus making a total of more than $16,000.00 in accrued income available for distribution under the terms of the trust instrument.
The plaintiff testified that in 1962, she requested $2,000.00 from the trust in order to purchase an automobile, and there is some evidence in the record to the effect that she may have withdrawn money on one or two other occasions although she asserted that she could not specifically remember these facts.
Counsel for the defendant concedes that pursuant to Article 148 of the Louisiana Civil Code, the wife has a right to alimony pendente lite proportioned to her needs and the means of her husband, if she does not have sufficient income for her maintenance. However, he insists that the alimony should be reduced, and in support of this contention, he relies upon the rationale emanating from the case of McMath v. Masters,[1] wherein Judge Hood, as organ for the Court, asserted that:
“The wife is not entitled to an allowance for support under LSA-C.C. art. 148 if she has sufficient income, earned or unearned, for her maintenance. Abrams v. Rosenthal, 153 La. 459, 96 So. 32 (1923); Scott v. Scott, 174 So.2d 193 (La.App. 2d Cir.1965). * * * ”
“ * * * Although the wife may not be required to obtain employment or to deplete her capital prior to obtaining support under LSA-C.C. art. 148, we think she can be required to make some reasonable use of the capital assets which she owns so that they will produce an income for her without risk to or depletion of her capital.”
In that case, the wife obtained approximately $30,000.00 from the community property settlement with her husband. The court reasoned that while she was not required to impinge upon her capital assets, she was obligated to make reasonable use thereof so as to produce income for her benefit. The court then computed an amount of income from these assets sufficient to relieve the husband of the obligation of paying a like amount of alimony to the wife.
While it is true that payment of trust income to the plaintiff is within the absolute discretion of the trustees, we fail to comprehend the existence of a distinction in the basic rationale between this case and McMath. In the McMath case, to reiterate for the purpose of emphasis, the court reasoned that while the wife did not have to impinge upon her capital, she nevertheless was required to make reasonably safe investments of the principal in order to reap the income therefrom. In this case, counsel for defendant insists that in view of the reasoning emanating from the McMath case, the plaintiff is obligated to exercise her right to request from the trustees of the trust, payment of a portion or all of the *152 earned income which they, in their discretion, may make available to her.
In view of the McMath rationale, which is a reasonable solution to a most vexatious problem, the defendant herein met both the burden of proof and the burden of moving forward with the evidence by proving that the plaintiff was an income beneficiary of her father’s trust and that income therefrom may be made available to her upon request. Thereupon, the burden shifted to the plaintiff to show that she had satisfied her duty of making a reasonable effort to secure the income which may be available to her from the trust by simply requesting payment thereof from the trustees.
Counsel for the plaintiff argues that this would be a vain and useless gesture in view of the fact that the trust instrument permits the exercise of absolute discretion by the trustees involving distribution of income. We are not impressed by this argument for the reason that the trustees have made disbursements to her on other occasions, and the clear import of the trust instrument makes it quite evident that it was created for the benefit of the plaintiff as well as for the benefit of her children. Therefore, until the trustees have refused the plaintiff access to the trust income, the income which could thus be reaped by her from the trust must be imputed to her in order to arrive at a just amount of alimony to be paid by the defendant.
Consequently, we are of the opinion that the award of alimony by the lower court of $260.00 per month should be reduced to $200.00 per month, reserving the right of the plaintiff to request an increase thereof in the event that the trustees of the trust should refuse to pay her an adequate amount of the income emanating therefrom.
For the foregoing reasons, the judgment of the lower court is hereby amended by reducing the amount of alimony from $260.-00 to $200.00, and as thus amended, the judgment appealed from is affirmed.
The matter is remanded to the lower court for such additional proceedings as the nature of the case now requires and in conformity with the views expressed herein.
The plaintiff is to pay all costs of this appeal, all other costs are to await a final determination hereof.
Amended and affirmed; remanded.

. 198 So.2d 734 (La.App.1967).