216 So.2d 682 (1968)
Wallace R. DAVIDSON, Plaintiff-Appellant,
v.
Mary Sue JENKINS, Defendant-Appellee.
No. 2517.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
Rehearing Denied January 10, 1969.
*683 Bean & Rush, by Warren D. Rush, Lafayette, for plaintiff-appellant.
Domengeaux, Wright & Bienvenu, by Fred Smith, Lafayette, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff husband was granted a divorce on the grounds of living separate and apart from his wife for a period of two years. The judgment awarded the wife $150 per month alimony for her own support and the additional sum of $250 per month for the maintenance and support of their 14 year old daughter. The husband has appealed, seeking relief only as to the alimony awards.
The substantial issue on appeal is whether the wife's claim for alimony for her *684 own support is defeated by her failure to show that she was not at fault within the intendment of LSA-C.C. Article 160.
The general facts are that the wife had been married and divorced twice before and was working as a secretary for the oil company by which the husband was employed as a geologist in 1953 when they married. One child was born of the marriage, Celia Reed Davidson, now 14 years of age. On September 20, 1964 he abandoned the matrimonial domicile in Lafayette. Shortly thereafter she filed suit for separation from bed and board on the grounds of abandonment, pursuant to which judgment was rendered on June 28, 1965. In those proceedings Mrs. Davidson was awarded custody of the child and alimony for herself and the child in the sum of $600 per month, subject to a credit for any royalty payments received by the wife from mineral interests acquired in the community property settlement.
The wife later moved to Fort Walton, Florida, where she maintains a home for herself and the child. She did not seek a final divorce.
On September 22, 1967, the husband filed suit for divorce on the grounds that more than a year had elapsed since the judgment of separation and more than two years had elapsed since the date they started living separate and apart. On February 9, 1968, Mrs. Davidson filed an answer to the petition for divorce in which she admits living separate and apart for two years and prays for alimony for herself and the child in the sum of $600 per month, subject to a credit for the royalties received from mineral interests acquired in the community settlement.
By agreement of the parties, both the divorce action and a rule to show cause why the alimony should not be reduced were heard on the merits on February 16, 1968.[1] At the trial the wife testified that she has no income except the $600 per month total she receives in alimony and royalty and that living expenses for herself and the child actually exceed this amount. The husband testified that he is still working as a geologist, but his income has dropped from the $23,000 per year he earned in 1965 down to about $18,000 per year in 1967. He also testified that the royalty interests which Mrs. Davidson received in the community property settlement have a present market value of about $20,000.
Over an objection by counsel for the wife, the husband was allowed to testify as to fault on the part of the wife contributing to the termination of the marriage. Mr. Davidson stated that for several years before the separation Mrs. Davidson was guilty of habitual intemperance, consuming six or seven drinks of alcoholic beverages between 5 o'clock and 11 o'clock p. m. every night of the week. Also, that she was cold in their sexual relations, never showing any affection. He became upset and frustrated to the extent that he finally left the matrimonial domicile. He denied that he had ever been guilty of mistreating his wife and stated that he had at all times been a good husband and father.
Mrs. Davidson did not return to the witness stand to deny that she had been at fault. There is no testimony in the record to show her freedom from fault or to contradict or explain the husband's accusations of habitual intemperance and other marital shortcomings.
In this court the wife contends the judgment of separation from bed and board *685 in her favor, on the grounds of abandonment, constitutes res judicata as to the question of fault in the subsequent divorce proceedings. We cannot agree. Our jurisprudence is established to the contrary.[2]
Apparently realizing that his res judicata argument might fall, counsel for the wife filed in the trial court a motion to reopen the evidence for the purpose of allowing the wife to introduce testimony to show she was free of fault. The district judge denied the motion to reopen, but he did find the wife was free of fault, because he allowed her permanent alimony.
The jurisprudence is established that under LSA-C.C. Article 160 the wife carries the burden of establishing that she was without fault.[3] In the present matter the wife has not only failed to introduce any evidence whatsoever to show that she is free of fault, but on the contrary she has failed to contradict or explain in any manner the testimony of the husband showing fault on her part.[4] We think excessive drinking every night is alone sufficient to show a violation of her marital duties and to constitute a contributing cause of the dissolution of the marriage.
It is our conclusion that the wife's claim for alimony under LSA-C.C. Article 160 must be denied. As to the award of $250 per month alimony for support and maintenance of the child, the evidence fully demonstrates that this amount is commensurate with the needs of the child and the ability of the father to pay. Accordingly, we will not disturb this award.
Counsel for the wife asks in the alternative that we remand this case to the district court to allow the wife to prove that she was without fault, LSA-C.C.P. Article 2164. Counsel gives no justification for this request, and we are at a loss to find any. The issue of fault was clearly presented by the wife's answer requesting alimony under LSA-C.C. Article 160. The matter was tried and every opportunity given to the wife to introduce whatever testimony she desired. We are most reluctant to give her "two bites at the apple" without any explanation as to the reason for her failure to introduce evidence at the original hearing, or any showing as to what kind of evidence she desires to present if another opportunity is given her. The request for a remand is denied.
For the reasons assigned, the judgment is amended to eliminate the award of $150 per month alimony for the support of the wife. In all other respects the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] This rule to show cause was filed by the husband shortly after his petition for divorce. It pertains to the alimony pendente lite being paid pursuant to the judgment of separation. Alimony pendente lite terminates with a judgment of divorce, LSA-C.C. Article 148, White v. Morris, 236 La. 767, 109 So.2d 87. Hence the rule to reduce the alimony pendente lite is no longer at issue. We are concerned here only with alimony after divorce under LSA-C.C. Article 160.
[2] Lloveras v. Reichert, 197 La. 49, 200 So. 817; Randle v. Gallagher, La.App., 169 So.2d 224; Barr v. Freeman, La. App., 175 So.2d 649; Smith v. Smith, La. App., 179 So.2d 433.
[3] See Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 and the cases cited therein.
[4] Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950) defines fault under LSA-C.C. Article 160 as follows:

"But the word `fault', as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels, more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word `fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the grounds for the divorce."
See also Vinot v. Vinot, 239 La. 587, 119 So.2d 474; Richards v. Garth, 223 La. 117, 65 So.2d 109.