247 So.2d 254 (1971)
Lynn Lamkin WORLEY, Plaintiff and Appellee,
v.
Jack Lamar WORLEY, Defendant and Appellant.
No. 3416.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
*255 Warren E. Hood, Lake Charles, for defendant-appellant.
Anderson, Leithead, Scott, Boudreau & Savoy, by James A. Leithead, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit for divorce. The sole issues on appeal relate to the alimony awards after divorce of $400 per month to the plaintiff wife and $600 per month for two minor children, a total of $1,000 per month. The defendant husband has appealed, contending the wife is entitled to no alimony, since she has sufficient means for her maintenance, and that the award for the children is excessive.
The facts show that on May 12, 1969, the plaintiff, Mrs. Lynn Lamkin Worley, obtained an uncontested judgment of separation from bed and board from the defendant, Dr. Jack Lamar Worley. By agreement of the parties, alimony pendente lite was fixed in that judgment at the sum of $750 per month for the wife and $300 per month for the two children, a total of $1,050 per month. The children were then respectively seven and ten years of age.
On May 19, 1970, plaintiff filed the present suit for divorce and alimony in the sum of $650 per month for herself and $600 per month for the two children. Defendant opposes the payment of any alimony to Mrs. Worley individually on the grounds that she has "sufficient means for her maintenance" and, therefore, is not entitled to alimony under LSA-C.C. Art. 160. Approximately three weeks before the judgment of separation from bed and board, plaintiff's mother, Mrs. Cyllene C. Lamkin, died intestate. On July 10, 1969, which was approximately two months after the judgment of separation, the mother's succession was opened and judgment rendered placing her surviving husband and three children in possession of her estate. These succession proceedings show that plaintiff's father, Mr. Jack Lamkin, waived his usufruct of the community property belonging to the succession of the decedent. The valuations placed on the property in the succession record show that plaintiff's interest in the estate has a value of $101,527.99, prior to the payment of $2,695.81 for inheritance taxes to the State of Louisiana.
On the same date as the judgment of recognition and possession, plaintiff executed a trust instrument in which she is the settlor and sole beneficiary and her father is the trustee. Substantially all of the property inherited by plaintiff from her mother was placed in this trust.
Defendant contends that the principal and income of this trust are available to plaintiff for her maintenance and hence that she is not without means for her support. The pertinent provisions of the trust agreement read as follows:
"2.1. The sole beneficiary of this trust shall be the SETTLOR.
"2.2. The Trustee is given discretion to accumulate some or all of the income and to determine the time or frequency of distributions.
"2.3. If the income of the trust is not sufficient to provide for the comfort, support, maintenance and benefit of the *256 SETTLOR according to her usual present standard of living, then the Turstee shall pay or apply all or such part of the principal of the trust as may be necessary to maintain the beneficiary in this manner, but only after taking into account the funds available to the beneficiary from other sources."
Our jurisprudence construing LSA-C.C. Art. 160 is now established that in determining whether the wife has "sufficient means for her maintenance" the court must consider any principal and income available to her. Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969); Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957); Stabler v. Stabler, 226 La. 70, 75 So.2d 12; Brown v. Harris, 225 La. 320, 72 So.2d 746; Smith v. Smith, 217 La. 646, 47 So.2d 32. Under the above quoted provisions of the trust agreement, it is apparent that approximately $100,000 of principal and an undetermined amount of income is available to Mrs. Worley for her maintenance. Hence, she is not entitled to alimony after divorce.
The district judge gave the following reasons for refusing to consider the principal and income of the trust as means available for the wife's maintenance:
"While it is true that Mrs. Worley could perhaps sue Mr. Lamkin and demand certain sums of money under the terms of the trust, as a practical matter this does not impress the court as being income or the availability of income which Mrs. Worley has readily at her disposal for her support."
In our view, the fact that Mrs. Lamkin may have to institute legal proceedings against the trustee, to require him to disburse from the principal and income of the trust sufficient sums for her maintenance, does not justify the legal conclusion that she is without sufficient means for her support. The provisions of the trust agreement are clear that "If the income of the trust is not sufficient to provide for the comfort, support, maintenance and benefit of the settlor according to her usual present standard of living, then the trustee shall pay or apply all or such part of the principal of the trust as may be necessary to maintain the beneficiary." Since plaintiff has a legal right to the income and principal of the trust for her maintenance, she has the means for her support. If pragmatism is to be considered, the trustee is plaintiff's father and the very purpose of the trust is to provide for her maintenance and support. There is no reason to think that plaintiff would be forced to sue her father for the funds to which she is clearly entitled under the trust agreement.
Plaintiff makes the additional argument that the reason for the creation of the trust was to minimize estate and inheritance taxes. She denies defendant's implication that the purpose of the trust was to establish the basis for a claim for alimony from Dr. Worley. In our view, the factors considered by plaintiff and her father in establishing this trust are immaterial. The fact remains that under the clear provisions of the trust agreement ample funds are available to Mrs. Worley for her maintenance.
The only case found involving trusts is Schmidt v. Schmidt, 210 So.2d 149 (La. App. 4th Cir. 1968), but it is distinguished. That case involved alimony pendente lite under LSA-C.C. Art. 148, rather than alimony following divorce under LSA-C.C. Art. 160 as in the present case. Furthermore, the trust in that case was created by the wife's father, as settlor, for the benefit of the wife and her children. The trust agreement provided that the trustees "may distribute" to the beneficiary any portion of the trust assets or income "as in their sole discretion they deem advisable." The court held that the wife had the burden of showing that she had requested the trustees to disburse adequate amounts of trust income for her maintenance and, having failed to show that such a request was made and refused, the wife failed to sustain her burden of showing that she was *257 without sufficient income for her support. Of course, the trust provisions in the present case are different in that here the trustee is required to disburse both principal and income as may be necessary to maintain the plaintiff.
We conclude that Mrs. Worley has sufficient means for her maintenance and that she is not entitled to alimony for her support.
Having determined that the funds available to Mrs. Worley from the trust are sufficient for her maintenance, it is unnecessary for us to consider defendant's additional argument that the community of acquets and gains formerly existing between Dr. and Mrs. Worley has a value of $120,000.00 and, although it has not yet been partitioned, Mrs. Worley owns an undivided one-half interest and has the right to demand a partition. Additionally, we do not consider that husband's argument that the wife is not entitled to alimony because she established the trust after the judicial separation.
The next issue is the award of $600 per month for the two minor children. At the trial of the divorce action, plaintiff introduced into evidence a statement showing the actual amount expended for the living expenses of herself and the two children for the year ending May 12, 1970. This itemized statement totals $12,082.71. Of this amount, $1818.61 was disbursed for the personal needs of the children, such as camp tuition, music teacher, clothing, medical expense, etc. $1558.82 is shown as the personal expense of the wife for clothing, cleaning and pressing, medical, etc. General household expenses for rent, automobile, insurance, groceries, etc., total $8705.78. Since there are three members of the household, the wife and two children, plaintiff has allocated one-third of the household expense to each child. On this basis, the amount necessary for the support of each child is $3810 per year, or the sum of approximately $300 per month.
The defendant husband argues and we agree that it is unrealistic to allocate to the children two-thirds of all of the expenditures listed for household expense, such as house repair and furnishings, auto repair, pest control, insurance, maid, taxes, etc. Defendant's argument is that these expenses would tend to be the same whether there were five children or one.
Defendant's 1969 income tax return shows that he had an adjusted gross income, before income taxes, of $43,129.08. Considering that the ability of the father to pay alimony for the support of the two children is substantial, we find no manifest error in the award of $300 per month per child. Much discretion should be left to the trial judge as to these awards.
Defendant also argues that since the award of alimony pendente lite for the children was $300 and no change in circumstances has been shown in either the needs of the children or the ability of the father to pay as of the time of the divorce there can be no modification of the previous award. Defendant cites Blanchard v. Blanchard, La.App., 209 So.2d 513; Horne v. Horne, La.App., 210 So.2d 380; McNeill v. McNeill, La.App., 223 So.2d 709; Zara v. Zara, La.App., 204 So.2d 76 and Morace v. Morace, La.App., 220 So.2d 775, for the rule that a previous alimony award will not be modified unless a change in circumstances is shown.
Our jurisprudence is established that alimony pendente lite, both for the wife and the minor children, terminates with a judgment of divorce, White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Davidson v. Jenkins, 216 So.2d 682 (La. App., 3rd Cir. 1968). In the present case, the award of $300 per month alimony pendente lite for the two children terminated when the judgment of divorce was signed. Hence, at the trial of the divorce the plaintiff was not seeking to change a previous award of alimony but, instead, to prove the basis for a new award. The fact that no change in circumstances was shown is therefore immaterial. The cases cited supra by defendant deal with changes of previous *258 alimony awards, either alimony pendente lite or after divorce. Defendant cites no case which supports his argument that the wife had the burden of proving a change in circumstances in order to secure a higher amount after divorce than that awarded pendente lite.
For the reasons assigned, the judgment appealed is amended by deleting therefrom the award of alimony after divorce in the sum of $400 per month for the plaintiff individually. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed, as amended.