CULPEPPER, Judge.
Anna Lee Vincent filed this suit against her former husband, David Franklin Lewis, Jr., for alimony for the support of herself and five minor children. Judgment by default was rendered awarding plaintiff alimony in the sum of $200 per month “for herself and for the care of her children.” The defendant appealed.
The issue on appeal is whether plaintiff’s failure to allege or prove freedom from fault precludes her right to alimony for her personal support under LSA-C.C. Article 160 which reads in pertinent part as follows:
“When the wife has not been at fault, and she has not sufficient means for her *607 support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce."
The facts are that on December 17, 1970 the plaintiff wife obtained a divorce on the grounds of two years voluntary separation. The judgment of divorce awarded custody of the minor children to the plaintiff but made no provision for the payment of alimony.
On October 20, 1973, plaintiff filed the present proceedings for alimony for the support of herself and the five minor children. Evidence introduced at the hearing for confirmation of default shows the monthly expenses for plaintiff and her children total $293.60. Her income consists of $39 per month from the Welfare Department and $60 per month which the defendant husband was ordered to pay in a criminal proceedings in the Abbeville City Court. The defendant husband’s wages are over $500 per month. On this showing, a judgment was rendered awarding plaintiff alimony in the sum of $200 per month for the support of herself and the minor children. The judgment does not specify how much is for the support of plaintiff personally and how much is for the children.
On appeal, the defendant husband contends that since the plaintiff wife failed to allege or prove freedom from fault she has no right to alimony for her personal support. He requests these proceedings be remanded to the district court for a determination of the portion of the $200 which was intended for child support, and that the alimony be reduced to that amount.
Our law is now clear that under LSÁ-C.C. Article 160 the wife who seeks alimony for her personal support after divorce has the burden of proving that she was without fault, Davidson v. Jenkins, 216 So.2d 682 (La.App. 3rd Cir. 1968) and the authorities cited therein. See also Comment (c) of the Louisiana State Law Institute explaining that a purpose of the 1964 amendment to LSA-C.C. Article 160 was to make this rule clear. Under this rule, the plaintiff wife in the present case had the burden to allege and prove freedom from fault. This issue has never been adjudicated. • Accordingly,' the judgment appealed must be reversed, and this case remanded to determine the amount of alimony which should be awarded for the children. The wife’s claim for alimony for her personal support will be nonsuited without prejudice to her right to allege and prove freedom from fault in further proceedings.
It may be that even $200 per month is insufficient for the support of plaintiff’s five minor children, and that the reason the district judge limited the award to $200 is that he felt this was the maximum amount which the defendant husband could pay. On remand, the district judge will have the discretion to fix any amount which in his discretion he finds proper for the support of the children.
For the reasons assigned, the judgment appealed is reversed and set aside, the claim of the wife for alimony for her personal support is nonsuited, and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff appellee. Assessment of costs in the district court will await a final judgment there.
Reversed and remanded.