303 So.2d 766 (1974)
Richard W. HUGHES
v.
Natalie Langlois HUGHES.
No. 9971.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
*767 J. Arthur Smith, III, Baton Rouge, for appellant.
Robert L. Kleinpeter, Baton Rouge, for appellee.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
This appeal involves the question of the amount which should be awarded the appellant, Natalie Langlois Hughes, for permanent alimony and child support for her one minor child. The trial court awarded Mrs. Hughes $700.00 per month as permanent alimony and $300.00 per month as support for her minor child. From this judgment, Mrs. Hughes appeals.
The parties were separated in fact on August 4, 1971. After this separation, Mrs. Hughes instituted suit for separation from bed and board from her husband. On August 26, 1971, prior to judgment in the suit for separation from bed and board, Dr. Richard W. Hughes was ordered to pay alimony and child support pendente lite in the sum of $1,100.00 per month and to assume any and all liabilities of Mrs. Hughes and the minor child. On March 16, 1973 the suit for separation from bed and board was heard on the merits and alimony and child support pendente lite were fixed at the sum of $1,000.00 per month.
After the parties had lived separate and apart in excess of two years, Dr. Hughes instituted suit for divorce. In his petition, Dr. Hughes offered to pay permanent alimony and child support in the amount of $1,000.00 per month. Mrs. Hughes filed a reconventional demand for a greater amount of permanent alimony and child support. The divorce proceedings were *768 heard on October 19, 1973, following a stipulation of the parties that the question of alimony and child support would be continued to a later date. A judgment of divorce was rendered, alimony was continued by agreement at $1,000.00 per month, and said judgment reserved unto Mrs. Hughes her right to present the question of alimony to the court later. This continuance in the alimony proceedings was for the purpose of giving the certified public accountant of Mrs. Hughes additional time to review Dr. Hughes' books and financial records.
On January 4, 1974 the trial was held on the question of permanent alimony and child support. Judgment was rendered on March 7, 1974, and signed on April 2, 1974. The parties stipulated that the fault of Mrs. Hughes was not at issue. The Trial Court awarded Mrs. Hughes $700.00 per months as permanent alimony and $300.00 per month as support for the minor child, although Mrs. Hughes testified that expenses for herself and the child were in excess of $1,800.00. In its reasons for judgment, the Lower Court said that in order for Mrs. Hughes to receive an amount greater that $1,000.00 per month, she must show a change of circumstances between the judgment of March 22, 1973 and the trial of this matter. The judgment of March 22, 1973 was the judgment of legal separation in which appellant was awarded $1,000.00 per month alimony and child support.
We think it most important that we begin a discussion of this matter by quoting the stipulation of the parties and the portion of the judgment of divorce relating to the continuance of the question of alimony to a later date, that is, after the trial for divorce. First, we wish to quote a portion from the written stipulations of the parties contained in the record:
"IV. That the previous orders for alimony and child support pendente lite which were rendered as parts of the judgment of separation be continued in force and effect in the judgment of divorce until trial can be had on Natalie Langlois Hughes' reconventional demand for permanent alimony and child support.
"V. That Natalie Langlois Hughes is not dismissing her claim for permanent alimony and child support in amounts which are greater than the amounts of alimony pendente lite and child support pendente lite. That any judgment which is rendered as a result of the trial of the divorce matter on October 19, 1973 will be a partial judgment only and will not be an adjudication of the rights of Natalie Langlois Hughes to permanent alimony and child support. That Natalie Langlois Hughes expressly reserves her rights to have this Court adjudicate her rights to permanent alimony and child support."
We also wish to quote the paragraph from the judgment of divorce which was read, rendered and signed on October 19, 1973:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the reconventional demand of the defendant be passed and reserving unto the defendant all rights with reference to alimony, and maintenance and support of the minor children."
In light of the above, we believe that Mrs. Hughes adequately reserved her right to prove her need for alimony and child support at the trial of this matter which is before us on appeal.
Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937) stands for the proposition that Civil Code Article 148 is controlling over alimony up to the time the marriage is dissolved by divorce. Our courts have uniformly held that alimony up to the judgment of divorce is alimony pendente lite. *769 After divorce, alimony must be based on Civil Code Article 160 which provides as follows:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income..."
Civil Code Article 160 pertains to permanent alimony as opposed to the alimony pendente lite of Civil Code Article 148. Under Civil Code Article 160 Mrs. Hughes is clearly entitled to permanent alimony since the parties stipulated she was not at fault and at the trial of this matter she proved that she did not have sufficient means for her support. The only question is the amount of alimony which should be paid to her. The Trial Judge found no change of circumstances following the March 22, 1973 judgment of separation and the award in it of alimony in the amount of $1,000.00 per month. For this reason, he limited Mrs. Hughes permanent alimony under Civil Code Article 160 to $1,000.00 per month. Appellant argues that it is not necessary for her to show a change of circumstances inasmuch as she is attempting to prove permanent alimony rather than alimony pendente lite.
In Worley v. Worley, 247 So.2d 254, 257 (La.App., 3rd Cir. 1971) the court said:
"Our jurisprudence is established that alimony pendente lite, both for the wife and the minor children, terminates with a judgment of divorce, White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Davidson v. Jenkins, 216 So.2d 682 (La. App., 3rd Cir. 1968). In the present case, the award of $300.00 per month alimony pendente lite for the two children terminated when the judgment of divorce was signed. Hence, at the trial of the divorce the plaintiff was not seeking to change a previous award of alimony but, instead, to prove the basis for a new award. The fact that no change in circumstances was shown is therefore immaterial. The cases cited supra by defendant deal with changes of previous alimony awards, either alimony pendente lite or after divorce. Defendant cites no case which supports his argument that the wife had the burden of proving a change in circumstances in order to secure a higher amount after divorce than that awarded pendente lite."
Likewise in Fellows v. Fellows, 267 So. 2d 572, 574 (La.App., 3rd Cir. 1972), rehearing denied, the court said:
"Under our jurisprudence, alimony pendente lite, both for the wife and minor children terminates with a judgment of divorce. Worley v. Worley, supra; White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Davidson v. Jenkins, 216 So. 2d 682 (La.App.3rd Cir. 1968). Therefore, the alimony and child support award contained in the separation judgment terminated when the judgment of divorce was signed, Mrs. Fellows, at the trial of the divorce, was not seeking to change a previous award of alimony, which she was not required to do, but instead, she was seeking to prove the basis for a new award."
In light of the above, we think that the trial court was in error in stating that it was necessary for Mrs. Hughes to prove a change of circumstances in order to increase the amount of permanent alimony above the amount previously rendered in the judgment of separation.
Mrs. Hughes testified as to her needs and the needs of her minor child, which testimony was not contested by Dr. Hughes. We must consider this testimony as prima facie proof in the absence of contradictory evidence. The Louisiana Supreme Court in the case of Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973) said that as permanent alimony, a divorced wife is entitled to "maintenance." It said that the term "maintenance", while meaning primarily food, clothing and shelter, *770 does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife.
At the trial to establish permanent alimony, Mrs. Hughes testified to expenses in excess of $1,800.00 which she and her minor child incur monthly. She went into great detail to describe how each figure was established, that is, annual expenses were averaged over 12 months to establish a monthly figure, and where she had records for only a few months, she averaged these expenses accordingly. Without setting forth each item of expense here, we have reviewed the expenses in light of the Bernhardt case and find each to fit into the definition of maintenance set forth therein. The only items about which there might be some question are a $211.00 per month house note, the annual property tax, and annual homeowners insurance premium on that house. Mrs. Hughes was living in the home which had been the former family domicile at the time this matter was heard in the Lower Court, and she maintained that it was necessary that she have these moneys so that she could pay the house note, taxes and insurance. While the house note is a debt of the community, at the same time, she is entitled to shelter whether it be in that home or at some other dwelling. Therefore, we feel that she is entitled to money for these items to cover her costs of shelter as long as she lives in the former family home, or in case she should leave that home voluntarily or involuntarily, to pay for comparable shelter elsewhere.
We realize that even though Mrs. Hughes has shown a need for approximately $1,800.00 per month, it is also important that we determine the ability of Dr. Hughes to pay this sum. Without going into great detail, it is clear to us from the testimony of the certified public accountant who testified as a witness for Mrs. Hughes, said accountant having thoroughly reviewed Dr. Hughes' office books, income tax returns, and other financial records, that Dr. Hughes' income will allow him to pay the permanent alimony we will award without exceeding the limitation of Civil Code Article 160 since, according to the only evidence in the record, his pretax net income for 1973 exceeded $7,000.00 monthly.
For the reasons hereinabove assigned, the judgment of the Lower Court rendered on March 7, 1974 and signed on April 2, 1974 will be and is hereby amended in favor of Natalie Langlois Hughes, ordering Richard W. Hughes to pay Natalie Langlois Hughes the sum of $1,500.00 per month as permanent alimony and the sum of $300.00 per month as support for the minor child of the marriage, said sums to be payable in equal payments of $900.00 each on the 1st and 15th day of each month. All costs of this appeal are assessed against appellee, Richard W. Hughes.
Amended and affirmed.