355 So.2d 564 (1978)
Ernest BOWMAN, Plaintiff-Appellant,
v.
Constance Faye BOWMAN, Defendant-Appellee.
No. 6305.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
Rehearing Denied March 29, 1978.
Writ Refused May 12, 1978.
*565 Frank R. Bolton, Jr., Alexandria, for plaintiff-appellant.
Larvadain & Scott by Charles L. Scott, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and JOHNSON, JJ.
GUIDRY, Judge.
Plaintiff was granted a divorce from defendant by judgment dated September 21, 1976, upon proof that the parties had lived voluntarily separate and apart for a period in excess of two years. LSA-R.S. 9:301. The judgment awarded custody of the one minor child born of the marriage to defendant but made no award of alimony or child support. This judgment had the effect of terminating a previous award of alimony and child support pendente lite in the amount of $200.00 monthly. Thereafter, defendant in a rule alleging her divorce from plaintiff; that she had court awarded custody of the minor child; that both she and her child were in necessitous circumstances; and, that plaintiff was able to support them; sought permanent alimony and child support in the amount of $400.00 monthly. Upon trial of this rule the trial court rendered judgment fixing the amount of permanent alimony at $150.00 monthly and the amount of child support at $200.00 monthly.
Plaintiff appeals this judgment and assigns as error (1) abuse of the trial court's discretion in fixing the amount of permanent alimony and child support at a sum greater than that allowed pendente lite without a showing of "changed circumstances"; and, (2) permitting defendant to prove her freedom from fault although her rule contained no averment stating that Mrs. Bowman was without fault in causing the divorce. We find no merit in either of appellant's contentions.
Alimony pendente lite, both for the wife and minor children, terminates with a judgment of divorce. Therefore, when the wife seeks permanent alimony and child support simultaneous with or following a divorce her burden is not to change a previous award but rather to prove a sound basis for a new award. Consequently, "changed circumstances" are not required to be shown for a larger amount of permanent alimony to be awarded than was awarded for alimony pendente lite. Worley *566 v. Worley, 247 So.2d 254 (La.App. 3rd Cir. 1971); Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972); Hughes v. Hughes, 303 So.2d 766 (La.App. 1st Cir. 1974).
The original granting of, subsequent change in, or termination of alimony and child support may be tried and disposed of in a summary proceeding. LSA-C.C.P. Article 2592. A summary proceeding is commenced by the filing of a contradictory motion or by a rule to show cause. LSA-C.C.P. Article 2593. Upon the filing of a rule for permanent alimony our law automatically places upon the wife the burden of proving that the divorce was obtained by her or by her husband under the circumstances set forth in sub-paragraphs 2 and 3 of LSA-C.C. Article 160; she has not been at fault; and, she has not sufficient means for her support. Upon proper proof of these three elements the court may allow the divorced wife, out of the property and earnings of the husband, alimony not to exceed one-third of his income. LSA-C.C. Article 160.
Our law does not intend nor does it contemplate that in a summary proceeding for permanent alimony the wife must necessarily allege with exactness and precision the elements which our law clearly requires she must prove before she is entitled to an award of permanent alimony. Accordingly, we conclude that the trial court was eminently correct in allowing proof of the defendant wife's freedom from fault although her rule contained no averment that she was without fault in causing the divorce.
For the reasons assigned the judgment appealed from is affirmed at appellant's costs.
AFFIRMED.