402 So.2d 768 (1981)
Bridget Mary GRAHAM
v.
Earl Leon METZLER, Jr.
No. 11373.
Court of Appeal of Louisiana, Fourth Circuit.
July 21, 1981.
Rehearing Denied September 17, 1981.
*769 Edward K. Pinner, Sr., New Orleans, for plaintiff-appellant.
McPherson, Weber & Zainey, Jay C. Zainey, New Orleans, for defendant-appellee.
Before SAMUEL, GARRISON and CHEHARDY, JJ.
SAMUEL, Judge.
This is an appeal taken by the plaintiff wife from a judgment deleting an alimony award of $35 per week from a divorce judgment obtained by her. The basis for the appeal is that the trial judge did not have authority to alter the substance of a final judgment by summary procedure, and that the defendant's only relief was by ordinary action to nullify the judgment.
On June 29,1979, plaintiff filed a suit for divorce based on living separate and apart in excess of one year following a judgment of separation. She also sought child custody and child support, but made no prayer for alimony.
On September 24, 1979, plaintiff entered a preliminary default in her divorce suit and, in addition, filed a rule to show cause why the defendant husband should not pay her alimony. This was the first time she claimed alimony. A hearing was held on the alimony rule on September 28,1979, and three days later judgment on that rule was signed awarding her $35 a week alimony for her support.
On October 11, 1979, plaintiff confirmed the preliminary default, and judgment was rendered granting a divorce and awarding her custody, child support and, in addition, $35 a week alimony for her support.
On October 18, 1979, within seven days (exclusive of legal holidays and therefore timely for an application for a new trial[1]) of the divorce judgment which contained the alimony award, defendant filed a document styled "Motion To Amend Judgment Of Divorce", seeking deletion of the alimony award from the judgment. On October 31, 1979 the motion was signed and set for hearing on the rule to show cause on November 9, 1979. In response to this motion, plaintiff filed an exception to the use of summary proceedings to alter the substance of the judgment.
The matter was called for hearing on November 9, 1979, and defendant's motion was dismissed. Defendant asserts in his brief that neither he nor his counsel were notified by the court of the date on which the rule eventually was set for hearing, and for that reason neither attended court on November 9, thereby resulting in the dismissal of his rule. The record does not contain evidence of any notice being furnished either defendant or his attorney of the date on which his motion eventually was set for trial.
Defendant refiled his motion to amend the judgment on November 20, 1979, and it was again fixed for hearing on November 30, 1979. Plaintiff filed the same exception to the use of summary proceedings. On November 30, the trial judge stated he would treat the motion to amend the judgment as a timely filed motion for a new trial, and he set aside the alimony award contained in the divorce judgment.
Plaintiff argues the trial judge committed error by altering the substance of a final judgment "by amendment." In support of this argument she cites Article 1951(1) of the Code of Civil Procedure which provides a final judgment may be amended by the trial court at any time with or without notice and on its own motion in order to change the phraseology of the judgment "but not the substance ...." She also cites Hug v. Hug,[2] in which this court held a trial judge was without authority to alter the substance of a judgment, and his action in so doing was null.
It is clear that alimony obtained in advance of a final divorce judgment is alimony pendente lite and terminates upon *770 the rendition of a judgment of divorce.[3] Moreover, a default judgment may not be different in kind or form or exceed in amount the demand contained in the petition, i. e., it cannot go beyond the scope of the prayer in the petition.[4] Thus, as plaintiff did not pray for alimony in her divorce suit, that portion of the divorce judgment which awards her permanent alimony is in fact without legal foundation and null.
The sole question which must be decided by us is whether the trial judge was incorrect in nullifying the alimony award contained in the divorce judgment by summary proceeding. Had the trial judge so acted in response to the original motion to amend the judgment filed within seven days by defendant (timely for a motion for a new trial), there would be no difficulty in maintaining his ruling. We agree with the trial judge's treatment of the "motion to amend" as a motion for a new trial. An improper designation of a pleading does not control the relief which may be granted, since the pleadings are governed by their substance and the court may grant appropriate relief under the facts raised in the pleadings.[5] However, defendant was not notified of the date on which the motion filed by him would be set for hearing, because of this absence of notification he did not attend on the originally scheduled trial date and consequently his motion was dismissed. The question resolves itself into whether the trial judge acted properly in granting the relief requested based upon the untimely filed motion to amend the judgment.
The trial court's Local Rule 15 applies to general notice requirements. It provides that parties are entitled to 48 hours notice "where notice is required" and when no time is otherwise specified elsewhere in the rules or by law. The trial court's Local Rule 9, Section 3, pertaining to trial of rules, exceptions, and summary matters, provides that at least two days notice shall be afforded to the adverse party or to his attorney. The rules are silent with regard to the necessity and amount of notice to be afforded a mover in rule when its date is not known to him. Since the rules of the trial court provide two days notice in summary matters to the adverse party, it seems clear one filing a motion would be deprived of due process and equal protection of the law if he were not given an equal amount of notice.
To reiterate, defendant's first motion was timely filed on October 18, 1979, but a hearing date was not set by the trial judge until October 31, 1979. There is no evidence whatever in the record to indicate mover was notified of the trial date fixed by the court. In the absence of such notice, the action taken in defendant's absence is itself stricken with nullity, and the trial judge was justified in disregarding the untimeliness of defendant's second motion and in acting on defendant's first, and timely filed, motion.
Accordingly, we hold the award of permanent alimony in the divorce judgment was a nullity, and the trial court acted correctly in treating defendant's motion as one for a new trial, pursuant to which he deleted the null alimony award.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 1974.
[2] La.App., 230 So.2d 333.
[3] See LSA-C.C. Arts. 148 and 160; Golson v. Golson, La., 351 So.2d 100; White v. Morris, 236 La. 767, 109 So.2d 87; Eals v. Swan, 221 La. 329, 59 So.2d 409; Smith v. Smith, 217 La. 646, 47 So.2d 32; George v. George, La.App., 347 So.2d 927.
[4] LSA-C.C.P. Art. 1703.
[5] LSA-C.C.P. Art. 853; Succession of Smith, 247 La. 921, 175 So.2d 269; Cvitanovich v. Sorli, La.App., 347 So.2d 1204.