428 So.2d 1195 (1983)
Mrs. Barbara Van Ness Davis, Wife of J. Lawrence DAVIS
v.
J. Lawrence DAVIS.
No. 82-CA-99.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
*1196 Cronvich, Wambsgans & Michalczyk, Richard M. Michalczyk, Metairie, for defendant-appellant.
Greenberg & Dallam, Roger I. Dallam, Gretna, for plaintiff-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by defendant, J. Lawrence Davis, from a judgment of the district court establishing child support for one child at $750.00 per month together with all educational and medical expenses, and granting an executory judgment for past due alimony in the amount of $1,300.00 together with attorney's fees of $200.00 plus legal interest from date due until paid and all costs. The plaintiff-appellee in this action is Barbara Van Ness Davis Robertson, the former wife of the defendant-appellant.
A brief resume of the facts shows that J. Lawrence Davis (appellant) married Barbara Van Ness Davis (appellee) in 1960. They established their matrimonial domicile in the Parish of Jefferson in February of 1966. Four children were born from this union, presently two children are majors and two are minors. In 1975, the principals in this appeal obtained a divorce and have presently remarried. They enjoy split custody of their two teenaged boys. The appellee having custody of their minor son, Bradley, age 12, and appellant enjoying custody of their minor son, Larry, age 14.
The basis for this appeal began in August of 1981, when the appellee and appellant entered into a consent judgment setting *1197 child support at $600.00 per month for the minor boys, who were living with the appellee at the time and $650.00 per month alimony. Subsequently, in October of 1981 one of the sons went to live with his father (appellant). As a result the appellant reduced his monthly support payments by one half, from $1250.00 to $625.00.
In November, 1981, appellee filed a rule for support arrearage and increase of child support which was met by a rule to terminate alimony filed by appellant.
After trial, the district court rendered judgment granting the appellee's rule for an increase to $750.00 per month for the support of the one minor child, plus all educational and medical expenses, including insurance coverage. Furthermore, the trial judge granted an executory judgment in the sum of $1,300.00 and assessed attorney's fees against appellant in the sum of $200.00 together with interest and costs. The court did however, grant appellant's rule to terminate alimony. From this judgment the appellant seeks relief.
The issues presented on appeal are:
1.) Whether the trial court erred when it increased the child support in contravention to the consent agreement signed by the litigants.
2.) Whether the trial court erred in granting an executory judgment in the sum of $1,300.00 for past due alimony plus $200.00 for attorney's fees.

Increase in Child Support
The appellant contends that no change of circumstances occurred to justify the modification of child support. Initially, appellant was paying $300.00 per child for support and $650.00 in alimony for a total support obligation of $1,250.00 per month. The appellee had remarried, then divorced, (presently remarried for a third time) and was ordinarily not entitled to permanent alimony. However, the appellant wished to couch the language of the judgment in terms of alimony for tax purposes. Therefore in reality, the monthly child support payments were $625.00 per child and the alimony payments were merely a legal fiction.
It is evident from the record that the appellant over the years has enjoyed a high financial standard from his employment income and other assets. The mode of living created by the appellant allowed his family almost unlimited financial freedom including certain privileges made possible by their father's financial status.
Under the provisions of LSA-C.C. Arts. 227, 230 and 231, the obligation to support, maintain, and educate minor children is contracted by the parents by the very act of marrying, and nourishment, lodging, support, and education are provided in porportion to the wants of those requiring and according to the circumstances of those who are able to pay. Ducote v. Ducote, 339 So.2d 835 (La.1976); Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir. 1972).
We are mindful of the considerable discretion a trial court has in fixing child support. Ducote v. Ducote, supra; Fellows v. Fellows, supra. A careful review of the record convinces us that in light of the circumstances, $750.00 per month for child support is adequate and not excessive.
In this case, the trial court considered the totality of the surrounding facts, including but not limited to, the ability of each of the parents to contribute to the support of the children.
After a complete review of the record, we cannot conclude that the finding of the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The eminent ability of the father (appellant) to support his child in a manner and mode to which he is accustomed and which is established is unquestioned. In view of this, we feel that the award of the amount of child support is proper.

Past Due Alimony
At trial, testimony that alimony and child support payments provided for in the consent judgment were intended strictly as child support. However, in the mutual *1198 agreement between the litigants, such payments were designated in the consent judgment partly as alimony so that the appellant could avail himself of certain tax advantages and reduce his income tax liability.
The pertinent paragraph of the consent judgment reviewed reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there will be an automatic reduction without court action of $300.00 per child per month child support and $325.00 per month alimony when each of the two (2) remaining minor children respectively reaches the age of eighteen (18) on their eighteenth birthday or finishes high school, whichever occurs later. With respect to the latter, child support will be paid as long as the child is actually registered and attending high school and is also living full time with the petitioner."
When one of the two minor sons left the custody of the appellee to go live with his father (appellant) in October 1981, the appellant reduced his support checks in half from $1250 to $625 per month. There is no dispute that he was justified in reducing his child support by $300 however, what is in dispute is the corresponding reduction of the alimony by $325 for the months of November 1981, thru February 1982.
The appellant contends that the above section of the consent judgment authorizes him to decrease his payments both for child support and alimony. Appellee argues that this paragraph does not so authorize this reduction. In our review of this section, we find that it provides for a reduction of the $300 per month child support and indicates that alimony would also be reduced by $325 per month however, this is based on the minor children reaching the age of eighteen or finishing high school, whichever occurs later. Accordingly, we agree with the ruling of the trial court that the appellant should not have reduced his monthly payments by the $325, thus the award for $1300 arrearage for the four month period is correct and proper.
The appellant has repeatedly referred to other correspondence and letter agreements between the parties relating to the approval of the consent judgment of August 1981. However, the consent judgment is the expression of the agreement by and between the parties and was presented to the court as just that. Accordingly, the parties are bound by the provisions of said judgment.
The award of $200.00 attorney's fees on the arrearages is properly authorized as per LSA-R.S. 9:305, which provides:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party."
The language of this statute provides that the court shall award attorney fees and costs. The only exception would be if good cause is shown to exist for the non-payment of alimony or child support. In this present case, the award to appellee attorney's fees in the amount of $200.00 is reasonable and under the circumstances not an abuse of the trial court's discretion. The appellee was the prevailing party and since we have determined that the judgment for alimony arrearages was proper, the award of attorney's fees is likewise proper.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.
AFFIRMED.